The undersigned has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or representatives; or amend the Opinion and Award.
*******************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as
STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provision of the North Carolina Workers' Compensation Act at all relevant times.
2. Zurich-American Insurance Company was the carrier on the risk.
3. The employee-employer relationship existed between the parties at all relevant times.
4. The plaintiff's average weekly wage was $558.32, which yields a compensation rate of $372.23 per week.
5. The issue for determination is whether the plaintiff sustained an injury by accident arising out of and in the course of her employment on August 20, 1995, and it so, to what benefits may she be entitled.
*******************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On August 20, 1995, the plaintiff was forty-nine year old female, who was employed as a sales person in defendant's furniture store. The plaintiff's duties included assisting customers in selecting pieces of furniture and accessory items.
2. On Sunday, August 20, 1995, the plaintiff was showing accessory items to a customer when she lifted a large marble plant stand. The plaintiff experienced a pop in her back after lifting the plant stand.
3. The plaintiff had a history of back, hip and leg problems for which she had sought chiropractic treatment since May 17, 1993. Therefore, the plaintiff returned to her family chiropractor, Margie Baum, on or about August 24, 1995. The plaintiff received a work excuse on August 30, 1995.
4. The plaintiff did not report the lifting incident at work until on or about September 7, 1995, at which time the employer prepared the necessary workers' compensation paperwork.
5. Following the lifting injury at work, the plaintiff began to experience episodes of numbness and difficulty walking, for which the chiropractor recommended that the plaintiff begin using a cane. The plaintiff was walking at her home on September 28, 1995, when her right leg gave away, and she fell through the linen closet and onto the floor. The plaintiff was referred for an MRI, which revealed that she had sustained a broken right hip. The plaintiff underwent surgery for the fractured hip on October 8, 1995.
6. The plaintiff was disabled from work as a result of the work-related injury from August 28, 1995 through November 1, 1995. However, in November of 1995, the plaintiff had to undergo further surgery on the right hip, due to an infection. Following this surgery, the plaintiff received home health care from Opticare to receive intravenous antibiotics. The plaintiff has been unable to return to work since the surgery on her hip.
7. The plaintiff's fall at home was a result of the lumbar injury which she sustained on August 20, 1995.
*******************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff sustained an injury by accident arising out of and in the course of the employment on August 20, 1995. N.C. Gen. Stat. Section 97-2(6).
2. As a result of the compensable injury, the plaintiff is entitled to temporary total disability compensation at the rate of $372.23 per week for the period from August 28, 1995 through the present and continuing until further Order by the Commission. N.C. Gen. Stat. Section 97-29.
3. The plaintiff is entitled to have the defendants pay for medical expenses incurred or to be incurred as a result of the compensable injury as may be required to provide relief, effect a cure or lessen her period of disability. N.C. Gen. Stat. Section97-2(19).
*******************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following
AWARD
1. Subject to a reasonable attorney's fee herein approved, the defendants shall pay temporary total disability compensation to the plaintiff at the rate of $372.23 per week for the period from August 28, 1995 through the present and continuing until further Order by the Commission. As much of said compensation as has accrued shall be paid in a lump sum.
2. A reasonable attorney's fee of twenty-five percent of the compensation awarded to plaintiff in paragraph 1 above is hereby approved to be deducted from sums due plaintiff and paid directly to counsel.
3. As the plaintiff has not reached maximum medical improvement, this Opinion does not address this issue. However, in the event that the parties should be unable to agree on the amount of permanent partial disability compensation which may be due plaintiff, either party may request a hearing from the Commission to resolve this matter.
4. Defendants shall pay the costs, including the expert witness fee of $110.00 to Margie Baum, D.C.
This the 28th day of July, 1997.
 S/ ______________________ W. BAIN JONES, JR. DEPUTY COMMISSIONER
CONCURRING:
S/ ______________________ LAURA K. MAVRETIC COMMISSIONER
S/ ______________________ THERESA B. STEPHENSON DEPUTY COMMISSIONER